IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr255

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| MOHAMED LAMINE BARRY ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant to grant bond pending sentencing. (Doc. No. 11). The Court has also reviewed the detention hearing held May 2, 2007.[1]

The defendant was indicted on June 27, 2005, for allegedly making a false statement in an application for a passport (Count One) and for making a false statement in a matter within the jurisdiction of the government of the United States (Count Two) on or about November 25, 2003. (Doc. No. 1: Indictment). The defendant was arrested in Pennsylvania in April 2007. (Doc. No. 8: Executed Arrest Warrant). The defendant was detained by Magistrate Judge David C. Keesler after a hearing on May 2, 2007. (Doc. No. 7: Order). The defendant pled guilty to Count One on June 12, 2007. (Doc. No. 9: Plea Agreement; Doc. No. 10: Acceptance and Entry of Guilty Plea).

Title 18, United States Code, Section 3142(f) permits the Court to reopen a detention hearing if new information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. However, the Court must detain a person who has been found guilty of an

---

[1] Although the hearing was not transcribed, the Court has reviewed a recording of the proceedings.

offense and is awaiting sentencing unless it finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a). Accordingly, the burden for establishing a defendant's suitability for release is much higher following an adjudication of guilt.

Here, the defendant asserts as new information that the defendant is a lawful permanent resident of the United States. (Doc. No. 11: Motion at ¶ 2). This information is not new. At the original detention hearing, the government admitted that fact and the magistrate judge included a finding of that fact in the detention order. (Doc. No. 7: Order). Not only does that information not justify the defendant's release, it contributes to an increased risk of flight. The government asserted at the detention hearing that the defendant stood to be deported if convicted. Thus, there is a greater risk of flight to avoid deportation and punishment now that the defendant has pled guilty than when he was originally detained.

The defendant also has failed to present clear and convincing evidence that he would not pose a danger if released. Prior to the instant offense conduct, the defendant was arrested twice in Maryland for assault. (Pretrial Services Report at ¶ 4). Subsequent to the instant offense conduct, a warrant for assault was issued against the defendant in Georgia and he was charged with unlawful taking of a vehicle in Ohio. (Id.). Both those matters remain pending. Thus, the defendant's criminal history establishes that he poses a danger to the safety of any other person and to the community if released.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: June 26, 2007

Robert J. Conrad, Jr.
Chief United States District Judge